UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
**17-cr-431 (NGG)**

-against-

ELOZER PORGES,

Defendant.

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Elozer Porges, who is currently incarcerated at FCI Otisville ("Otisville"), moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot. to Reduce Sentence ("Mot.") (Dkt. 52).) Mr. Porges argues that pre-existing medical conditions place him at heightened risk in light of the novel coronavirus pandemic, and that he should be permitted to serve the remainder of his sentence on home confinement. For the reasons discussed below, his motion is DENIED.

## I.  BACKGROUND

On March 18, 2018, Mr. Porges entered a plea of guilty to mail and wire fraud conspiracy, in violation of 18 U.S.C. § 1349, for stealing more than $3 million in funds from the State of New York intended to feed needy children as part of the Child and Adult Care Food Program. (*See* Dkt. 30).) On October 25, 2019, the court sentenced Mr. Porges to a below-guidelines sentence of 24 months imprisonment. Mr. Porges surrendered on January 21, 2020, and he is currently incarcerated at Otisville. (*See* Dkt. 41).)

Mr. Porges, who is 46 years old, has a history of hypertension and coronary artery disease as well as a family history of hypertension. (Ltr. of Dr. Jeffrey Bander (Dkt. 53-1).) In January 2020, before reporting to Otisville, Mr. Porges underwent a cardiac

workup, including a cardiac angiogram. (*See* Angiogram Report (Dkt. 66-1).) The angiogram found that Mr. Porges had "moderate" calcified coronary plaque and "minimal" calcified aortic plaque. (*Id.*) Mr. Porges declined to go on medication for these indications at the time, (*see* Tr. of June 18, 2020 Hr'g. ("Tr.")(undocketed) at 21:20), and Mr. Porges has not used medication to treat these conditions since that time, (*id.* at 13:14). Mr. Porges does not assert any other pre-existing conditions that put him at high risk should he contract COVID-19.

Mr. Porges is incarcerated at Otisville. When Mr. Porges first made his motion for compassionate release in April 2020, there were approximately 125 inmates in his facility. (Tr. at 27:11.) Otisville conducted a review of inmates housed in Mr. Porges's facility and determined that 41 inmates qualified for either furlough or release because of health concerns related to COVID-19. (*Id.* at 27:14-20.) That review included Mr. Porges, but Otisville officials determined that Mr. Porges did not qualify for release, finding that "he is not on any medications related to hypertension or coronary artery disease" and that he did not "have a current medical condition that is listed by the Cente[rs] for Disease Control as risk of serious illness should he be exposed to COVID-19." (Otisville Ltr. (Dkt. 63-1).).

Mr. Porges reports that there is limited Personal Protective Equipment ("PPE") available to inmates at Otisville, and that the density of inmate population does not permit him to exercise self-care and prevent infection. On June 16, 2020, the Bureau of Prisons ("BOP") reported that an Otisville inmate recently tested positive for COVID-19. (*See* https://www.bop.gov.coronavirus/.) Otisville removed the inmate who had tested positive from the general population and placed the inmate in quarantine, and Otisville tested all of its inmates, including Mr. Porges, for COVID-19. (Tr. at 28:8-19.) The inmates who tested positive

have been isolated and those who did not test positive, like Mr. Porges, have been quarantined. (*Id.*)

Mr. Porges initially filed his motion to reduce his sentence on April 14, 2020, which the Government opposed on April 17, 2020. (*See* Mot.; Mem. in Supp. of Mot. ("Mem.") (Dkt. 53); Gov't Opp. to Mot. ("Opp.") (Dkt. 55).) Later on April 17, however, Mr. Porges withdrew his motion without prejudice to refile because Otisville placed Mr. Porges on quarantine "for the purpose of considering his release to home confinement or 'furlough' by the Warden." (*See* (Dkt. 56).) As explained above, Mr. Porges was not selected for release to home confinement by the officials at Otisville and, on May 12, he sought reinstatement of his original motion (*see* Dkt. (57)), which the court granted, (May 13, 2020 Order). The parties then submitted further briefing on the motion. (*See* Porges Reply to Gov't Opp. ("Reply") (Dkt. 60); Gov't Resp. to Porges Reply ("Gov't Reply") (Dkt. 63); Porges Sur-reply ("Sur-reply") (Dkt. 66); Porges Ltr. Status Update ("Porges Ltr.") (Dkt. 68).)[1]

## II.  LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon the motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

---

[1] On June 22, 2020, Mr. Porges filed a motion for leave to supplement the record with a letter from his wife, Leah Porges (*see* Dkt. 69), which this court granted, (*see* Dkt. 70.) Mrs. Porges's letter responds to a discussion at oral argument regarding the health and safety implications of Mr. Porges returning home to the Williamsburg neighborhood of Brooklyn in light of the explosive outbreak of COVID-19 in that area. The court appreciates Mrs. Porges's letter, and notes that its decision on Mr. Porges's motion is not based on those concerns.

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may reduce a defendant's sentence under § 3582(c)(1)(A) only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* The court therefore must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* The Sentencing Commission, to which Congress delegated the responsibility to "describe what should be considered extraordinary and compelling reasons for sentence reduction," 28 U.S.C. § 994(t), has determined that a defendant's circumstances meet this standard when, *inter alia,* the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A), 1(D). The Sentencing Commission has additionally determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Finally, the defendant has the burden to show he is entitled to a sentence reduction. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).[2]

---

[2] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

4

### III. DISCUSSION

Mr. Porges argues that Otisville's conditions place him at high-risk of contracting COVID-19 and his underlying health conditions heighten his risk of severe illness or death should he contract COVID-19. The court recognizes the danger presented by COVID-19 to this country's prison populations and the worrying rate of growth of the COVID-19 pandemic nationally.[3] At the same time, the court aligns itself with other courts that have found "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12-cr-31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases).

On the record before the court, Mr. Porges has failed to demonstrate that his underlying health conditions constitute extraordinary and compelling circumstances justifying release. Mr. Porges suffers from moderate coronary artery disease, a relatively common condition for which he takes no medication. Neither Mr. Porges's age nor any other pre-existing health conditions seriously increase his risk of negative complications.[4] At the same time, Mr. Porges has not demonstrated that the conditions at Otisville, which has taken steps to isolate and quarantine any inmates who have contracted COVID-19 and has reduced its inmate population in response to the pandemic, are such that they

---

[3] *See* Hannah Knowles et. al, *New Coronavirus Cases in the U.S. Soar to Highest Single-Day Total*, WASHINGTON POST (June 24, 2020), https://www.washingtonpost.com/nation/2020/06/24/coronavirus-live-updates-us/.

[4] *See* Centers for Disease Control and Prevention, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 26, 2020).

"substantially diminis[h] the ability of the defendant to provide self-care." U.S.S.G. § 1B1.13(1)(A). Accordingly, because all the requirements of 18 U.S.C § 3582(c)(1)(A)(i) have not been met, the court concludes that compassionate release is not warranted here.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendant's (Dkt. 52) motion is DENIED.


SO ORDERED.


Dated:      Brooklyn, New York
            June 29, 2020

                                    /s/ Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

---

[5] The court does not consider whether compassionate release would be consistent with the factors set forth in 18 U.S.C § 3553(a) because it concludes that Mr. Porges has not satisfied the extraordinary and compelling reasons prong of the compassionate release analysis.